No. 32,901

HOMER CUNNINGHAM, *Appellee,* v. SIMON STUCKY and HERMAN J. SCHRAG, *Appellants.*

(58 P. 2d 42)

Opinion filed June 6, 1936.

*Edwin Anderson* and *Ruth E. Anderson,* both of McPherson, for the appellants.

*J. R. Rhoades, George R. Lehmberg, John K. Brandon,* all of McPherson, *Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for injuries sustained in an automobile casualty alleged to have resulted from the negligence of defendants. The jury answered special questions and returned a verdict for plaintiff, on which judgment was rendered. Defendants have appealed.

A brief statement of the principal facts is as follows: The defendant Schrag is the son-in-law of the defendant Stucky and farms his land on the crop-share rent basis, using some of his tools.

They live in the same house, and in some respects share living expenses. They wanted a new one-way plow for Schrag to use in farming the land. On September 7, 1933, they went together to Wichita, with a truck and two-wheel trailer owned by Schrag, where Stucky purchased the plow. They both loaded it so that one end was on the truck and the other on the trailer. There appears to have been some understanding between them that Schrag would later pay Stucky for the plow, but that had not been done even to the time of the trial of this case. In going to their home in McPherson county they traveled on U. S. highway No. 81, which is a much traveled highway. They reached a point in the highway about forty miles from Wichita about ten o'clock at night, when something went wrong with the truck. Schrag, who was driving, thought he was out of gas and pulled to the right-hand side so that the right wheels of his truck were off the bituminous mat of the highway and on the shoulder. Schrag went to a farmhouse to get gasoline; Stucky remained in charge of the truck, trailer and plow. The truck had headlights, but no rear light, and the trailer had no light of any kind. No flares or warning signs were put out to advise approaching motorists of the standing truck, trailer and plow. However, Stucky walked back a short distance on the highway to warn approaching motorists. Several automobiles and trucks passed. A Mr. Kaufman, traveling on the same side of the highway, saw the trailer and truck, pulled around it, stopped in front of it and backed to within about ten feet of the truck. Shortly thereafter plaintiff, driving a Ford coupé, came along the same side of the highway. His lights and brakes were working well. He saw the truck and trailer standing on the edge of the highway. A car was approaching from the other direction. He slowed a little and started to drive around the trailer and truck. He missed the trailer, but the part of the plow extending to the left side of the trailer struck his automobile above the hood, on the right side of the windshield and top, causing him to lose control of it, and it swerved into the Kaufman truck, resulting in damages to his automobile and personal injuries to himself. The plow was so loaded on the truck and trailer that a part of it stuck out to the left of the trailer as much as a foot, or a foot and a half, "and one wheel." Plaintiff testified, and the jury found, that this was what plaintiff's automobile struck. There is no contention that the amount of the damages allowed is excessive if plaintiff is entitled to recover.

Appellants first contend that plaintiff was guilty of contributory negligence which precludes his recovery. In their answer they did not plead contributory negligence. The defendant Schrag filed a cross petition asking for damages to his trailer, truck and plow because of the plaintiff's negligence, which he alleged. The trial court in its instructions told the jury the defendants had pleaded contributory negligence and gave all the instructions pertaining to that subject ordinarily given in an action in which the plea is made. Special questions were asked the jury designed to bring out facts upon which contributory negligence might be based. Plaintiff made no objections to the instructions or to the questions on the ground that contributory negligence was not an issue. By their general verdict the jury resolved that issue in favor of plaintiff. Defendants moved for a judgment in their favor on the answers to special questions notwithstanding the general verdict, and now argue that the motion should have been sustained for the reason that the answers to the special questions convict plaintiff of contributory negligence. We have examined the answers to the special questions and all appellants say concerning them and are unable to agree with their contention. It would serve no useful purpose to set them out and discuss them at length.

Appellants contend that the answers to some of the special questions are not sustained by the evidence. Appellants are not in position to present that question, for the reason they did not ask the trial court to set aside any of the answers for that reason, and their motion for judgment on the answers to the special questions notwithstanding the general verdict concedes, for the purpose of that motion at least, that the answers are proper under the evidence.

Appellants concede that there is evidence of negligence on the part of the defendant Schrag, but contend there is no justification under the evidence for a verdict against the defendant Stucky. They argue the truck belonged to Schrag and was being driven by him; that the trailer and plow also belonged to him; that there is no evidence of joint ownership, or joint control, or joint enterprise, which would justify the verdict against Stucky. We think the point is not well taken, and that the question concerning Stucky's liability was a fair question to submit to the jury under the evidence. The evidence discloses that defendants live together in the same house, operate the same farm under some arrangement, modified in some respects from time to time; that they were both desirous of having

this plow to use on the farm; that they went together to get it, and that together they loaded it and started home with it; that Stucky purchased it, but had some kind of an arrangement by which Schrag might pay for it at some later date. With respect to control of the truck, trailer and plow at the time of the casualty, Stucky was the one who was in sole control. Had the casualty occurred while Schrag was driving, and resulted from his negligent driving and while Stucky had no control over the driving itself, the question of sole control, or joint control, would have been different. Here Schrag had been driving until he was compelled to stop. Perhaps he alone determined where he should stop, but he went away and left Stucky in sole control while he was gone. We do not overlook the fact, either, that the two of them loaded the plow in such a way that a part of it extended over the left side of the trailer. This extended portion of the plow was what plaintiff testified—and the jury found —he struck with his automobile.

We find no error in the record. The judgment of the court below is affirmed.